# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SALVADOR A. HERNANDEZ,

         **Movant,**

    **vs.**                                    **Case No. 95-Cr-151**

UNITED STATES OF AMERICA,

# DECISION AND ORDER

      Pro se movant Salvador A. Hernandez ("Hernandez"), convicted in 1995 for conspiracy to kidnap and kidnaping, has filed a petition for review of his federal sentence.[1] Hernandez, no stranger to post-conviction remedies, maintains that his petition should be construed as an emergency petition for discharge and immediate release pursuant to 28 U.S.C. § 1621(a) and/or writ of audita querla,[2] a Rule 60(b) motion, an actual innocence claim, or general writ of habeas corpus.

---

[1] United States District Court Judge Robert W. Warren presided over Hernandez's criminal trial and sentenced Hernandez. Judge Warren passed away on August 20, 1998. The file in this matter was assigned to this Court on October 9, 1998.

[2] *Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004), which discussed a petition for a writ of audita querela filed in a similar context, explains:

> The ancient writ of audita querela, long ago abolished in federal civil proceedings, see Fed. R. Civ. P. 60(b), has no apparent relevance to criminal sentences. *Black's Law Dictionary* 126 (7th ed. 1999), describes it as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." Melton is not a judgment debtor, and the territory of new facts and law is occupied for civil matters by Rule 60(b) and for criminal matters by Fed. R. Crim. P. 33 plus § 2255. *See United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982).

On June 9, 1997, Hernandez filed a petition pursuant to 28 U.S.C. § 2255. That petition was denied by Judge Warren. Hernadez appealed and the court of appeals denied his appeal. Thereafter, on June 17, 2003, Hernandez filed a motion for a new trial and to vacate judgment pursuant to Rule 60(b). In a decision and order issued August 25, 2004, this Court held that it was procedurally barred from considering the grounds raised by Hernandez because his Rule 60(b) motion was actually a successive § 2255 motion.

In his present petition, Hernandez asserts that the holding of *United States v. Booker*, 543 U.S. 220 (2005), is retroactive and makes him eligible for immediate release as he has completed the majority of his "illegal" sentence. (Pet. 3.) Hernandez also contends that his conviction is constitutionally infirm because of several instances of errors and violations that, taken together, warrant reversal of his conviction. (Pet. 16.) His claims of errors and violations include assertions of ineffective assistance of trial counsel because counsel did not present the testimony of two potential witnesses, an invalid jury instruction, violations of the Federal Rules of Evidence, improper comments by the Court, a Confrontation Clause violation, improper closing arguments by the government, and a violation of Hernandez's rights under the Vienna Convention. (Pet. 17-20.)

Despite Hernandez's suggestions, his petition is correctly characterized as a petition to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 ¶ 1.[3] As pithily stated in *Melton*, 359 F.3d at 857:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g., *Owens v. Boyd, 235 F.3d 356* (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g., Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. *See Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996).

Hernandez's petition fits comfortably within the scope of § 2255 ¶ 1 and therefore is a motion under § 2255, notwithstanding Hernandez's characterization of the document. As such, this Court is obliged to dismiss the petition for want of jurisdiction because Hernandez has not received permission from the court of appeals to commence a second or successive collateral attack. This Court lacks jurisdiction to entertain any further collateral proceedings unless the court of appeals first grants permission under § 2244 and § 2255 ¶ 8. *Melton*, 359 F.3d at 856-57 (citing *Nuñez v. United States*, 96 F.3d 990 (7th Cir.1996)). If Hernandez intends to seek

---

[3]Paragraph 1 of § 2255 reads:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

permission from the Court of Appeals to file a successive petition, he should be aware that 7th Cir. R. 22.2 sets forth the requirements for such petitions.  The text of the Rule is appended to this decision and order.

       **NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

       Hernandez's petition for review of sentence filed January 6, 2006, is **DISMISSED** for lack of subject matter jurisdiction.

       Dated at Milwaukee, Wisconsin this 18th day of January, 2006.

       **BY THE COURT**

       s/ Rudolph T. Randa

       _____

       **Hon. Rudolph T. Randa**
       **Chief Judge**

Circuit Rule 22.2. Successive Petitions for Collateral Review

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made

by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.

(As amended Dec. 1, 2001.)